IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARRY GOLD, et al.**,<br><br>    Plaintiffs,<br><br>    *v.*<br><br>**STATE FARM FIRE AND CASUALTY COMPANY**,<br><br>    Defendant. | **CIVIL ACTION**<br><br>**NO. 22-4760-KSM** |

## MEMORANDUM

**Marston, J.**                                                                                                 **March 21, 2024**

      This is a breach of insurance contract dispute. Plaintiffs Barry and Michelle Gold brought this suit against Defendant State Farm Fire and Casualty Company ("State Farm") for failing to cover damages to their home sustained after Hurricane Ida in September 2021. (Doc. No. 32 at 1.) State Farm argues that Plaintiffs' claimed damages for mold fall under an insurance policy exclusion and are thus not entitled to coverage. (Doc. Nos. 26, 28.) Before the Court are Defendant's motions *in limine* to exclude any mention of contents damages or building damages and repairs caused by mold during trial. (*Id.*) Plaintiffs oppose the motions. (Doc. Nos. 32, 33.) For the reasons discussed below, the Court grants the motions.

**I.    LEGAL STANDARD**

      Where the terms of an insurance contract are clear and unambiguous, a court is obligated to enforce the plain language of the agreement. *Colella v. State Farm Fire & Cas. Co.*, 407 F. App'x 616, 619 (3d Cir. 2011) (citing *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Com. Union Ins. Co.*, 908 A.2d 888, 897 (Pa. 2006)). Conversely, where a contract provision is

ambiguous in the context of the entire agreement, the questionable provision must be construed in favor of the insured. *Id.* (citing *401 Fourth St., Inc. v. Invs. Ins. Grp.*, 879 A.2d 100, 106 (Pa. 1999)). Policy language is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. *Id.* (citing *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999)).

## II.  ANALYSIS

Defendant's motions *in limine* request that this Court preclude any mention at trial of damages relating to mold, including over $170,000 in structural damages and approximately $8,000 in content damages, because those damages are excluded under State Farm's unambiguous policy language. (Doc. No. 26 at 2–4.) Plaintiffs respond that the policy is ambiguous and the policy exclusions should be narrowly construed to conform with the reasonable expectation of the insured. (Doc. No. 32 at 3.) They argue that the mold is the *result* of the hurricane—a covered cause of loss—rather than a separate cause of loss falling under the exclusion. (*Id.* at 4.) For the reasons below, the Court agrees with Defendant that the mold damages are excluded under the policy.

Here, the relevant insurance policy generally covers "accidental direct physical loss to the property" unless the loss is otherwise excluded.[1] (Doc. No. 26-3 at 21.) "Section I – Losses Not Insured" in turn includes a "lead-in clause" which states,

SECTION I – LOSSES NOT INSURED [. . . ]

> 2. *We* will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. *We* will not pay for such loss regardless

---

[1] With regard to Defendant's motion to exclude any mention of *contents* damages (Doc. No. 28), the insurance policy at issue states that the subject policy pays for accidental direct physical loss to personal property "unless the loss is excluded or limited in Section I – Loss Not Insured." (Doc. No. 26-3 at 21.) Thus, the same fungus exclusion applies, and the Court's grants the motion in *limine* for the reasons discussed *infra*.

2

>> of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the *residence premises*, arises from any natural or external forces, or occurs as a result of any combination of these: **[. . .] g. Fungus**.

(*Id.* at 25 (emphasis on "Fungus" added).) The Court finds this policy language unambiguous. The exclusion clearly states that State Farm will not pay for any loss that was caused by mold, regardless of the cause of the mold, other causes of the loss, or whether other causes acted concurrently or in any sequence with the mold to produce the loss. Although Plaintiffs emphasize that the Court should construe the contract to meet the reasonable expectations of the insured, "[a]bsent sufficient justification, [. . .] an insured may not complain that his or her reasonable expectations were frustrated by policy limitations that are clear and unambiguous." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 418 F.3d 330, 344 (3d Cir. 2005) (cleaned up).

The Court finds the Third Circuit's opinion in *Colella v. State Farm Fire & Casualty Co.* to be particularly relevant. 407 F. App'x 616 (3d Cir. 2011). There, the Third Circuit examined the same lead-in clause as here. *Id.* at 620–21. In *Colella*, the plaintiff policyholders argued that the policy exclusion for subsurface water damage did not bar their insurance claim because the leak at issue came from their own plumbing system, rather than external plumbing. *Id.* at 620. The Third Circuit rejected the plaintiff's argument, reasoning that it saw "no way to interpret the words 'regardless of the cause' in a manner that provides coverage for the [plaintiffs]. The State Farm policy states that it excludes coverage for damage caused by water below the surface of the ground, regardless of the cause of the subsurface water." *Id.* at 621. Although Plaintiffs argue that this case should not apply because it did not involve mold, the Court finds that the case is on-point because the lead-in clause here similarly makes "no distinction as to the causal element

3

that triggers the exclusion.  The exclusion plainly applies 'regardless of' the cause." *Source Architechnology Sys., Inc. v. State Farm Fire & Cas. Co.*, 474 F. Supp. 3d 699, 704 (W.D. Pa. 2020).  *See also Gillin v. Universal Underwriters Ins. Co.*, No. CIV.A. 09-5855, 2011 WL 780744, at *7 (E.D. Pa. Mar. 4, 2011) (in a case with a similar lead-in clause, the plaintiffs argued that the earth movement policy exclusion should not apply to bar their claim because negligent construction—a covered cause of loss—resulted in earth movement, which in turn damaged the plaintiffs' property.  The court rejected the plaintiffs' argument because "the lead-in clause provides that the sequence of the cause is of no consequence.  The Court finds that this clause is only capable of one construction, that is, when more than one cause is involved in a loss which includes one of the excluded events named under the lead-in clause, in this case, earth movement, there is no coverage regardless of whether the causes acted at the same time or in any sequence with the excluded event"); *Empire Indem. Ins. Co. v. Winsett*, 325 F. App'x 849, 851–52 (11th Cir. 2009) (reversing district court's decision that the mold policy exclusion was inapplicable because although the negligent failure to build a vapor barrier—a covered cause—was the efficient proximate cause of the mold, the "policy plainly excludes coverage for mold 'regardless of whether any other cause, event material or product contributed concurrently or in any sequence to such injury or damage.'").

   Moreover, while Plaintiffs argue that mold is the *result* of loss by the hurricane, rather than the *cause* of loss (Doc. No. 32 at 4), the Court disagrees.  The mold itself is not the loss.  Rather, the loss is the damage to the property—e.g., the necessary mold removal and remediation procedures—which were *caused* by the mold.  *See Hobbs v. US Coastal Ins. Co.*, No. 17-3673, 2018 U.S. Dist. LEXIS 86484, *7–8 (D.N.J. May 23, 2018) ("Plaintiffs argue that their loss was caused by water, not mold, and that Defendants therefore are obligated to pay for the entire

4

amount of the loss. Plaintiffs point to the Complaint, which alleges that the mold growth was a result of the broken valve on the hot water heater, and argue that the mold is the 'loss,' rather than the 'cause.' Detrimental to Plaintiffs' argument, however, is that the Policy at issue contains an anti-sequential provision applicable to the Policy's exclusions [. . .], which states, 'We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.'").[2]

Thus, because the contract explicitly states that losses caused by mold are not insured "regardless of the cause of the [mold]," any argument that the mold damages were proximately caused by the hurricane is inapplicable. "That a covered risk may have contributed to the loss is irrelevant in light of the clear language of the lead-in clause." *T.H.E. Ins. Co. v. Charles Boyer Children's Trust*, 455 F. Supp. 2d 284, 298 (M.D. Pa. 2006).

### III. CONCLUSION

For the foregoing reasons, Defendant's motions *in limine* to exclude contents and building damages/repairs associated with mold are granted. An appropriate order follows.

---

[2] Plaintiffs further argue that the contract's lead-in clause was rejected by the Pennsylvania appellate court in *McEwing v. Lititz Mutual Insurance Co.* 77 A.3d 639 (Pa. Super. Ct. 2013). (Doc. No. 32 at 4.) This argument is inapposite. In *McEwing*, the Pennsylvania Superior Court merely affirmed the trial court's decision that the policy exclusion did not bar relief because the defendant failed to include a section in its appellate briefing developing the argument with citation to relevant legal authority, and thus waived this argument. *Id.* at 646–47. While the Superior Court did consider the defendant's argument that the plaintiff failed to establish that the groundwater policy exclusion was not applicable, they affirmed based on the expert evidence that the damage could *not* have been caused by groundwater. *Id.* at 647–49. Thus, the Superior Court did not invalidate the lead-in clause and *McEwing* is wholly distinguishable in this case.